UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA TY JOHNSON and ) | |
| JUDY HORTON, ) | |
| ) | Case No. 3:07-0878 |
| **Plaintiffs and** ) | Judge Trauger |
| **Counter-Defendants** ) | |
| ) | |
| v. ) | |
| ) | |
| DECOR FABRICS, INC., d/b/a ) | |
| MATERIAL THINGS; ) | |
| TRACY HANCEY, individually, ) | |
| JACQUELINE C. WESTRA, individually, and ) | |
| EDWARD H. HODGE, individually, ) | |
| ) | |
| **Defendants and** ) | |
| **Counter-Plaintiffs** ) | |

## MEMORANDUM

The defendants have filed a Motion to Dismiss Plaintiffs' State Law Claims (Docket No. 26), to which the plaintiffs have responded (Docket No. 34), and the defendants have replied (Docket No. 40). In addition, the defendants have filed a Motion to Strike Plaintiffs' Jury Demand (Docket No. 28), to which the plaintiffs have responded (Docket No. 36). For the reasons discussed herein, the defendants' motion to dismiss will be denied and the defendants' motion to strike will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Joshua Johnson is a current employee of defendant Decor Fabrics, Inc., d/b/a Material Things.[1] Mr. Johnson began his employment with Material Things in August 2005, at

---

[1] Unless otherwise noted, the facts have been drawn from plaintiff's Verified Complaint (Docket No. 1, Ex. A) in accordance with the court's task, on a motion to dismiss, to determine

1

which time he accepted the company's insurance benefits, which included health insurance through First Health and dental insurance through BlueCross BlueShield of Tennessee. Mr. Johnson is an insulin-dependent diabetic, requiring daily insulin injections. Plaintiff Judy Horton was an employee of Material Things from March 2007 until April 30, 2007. Ms. Horton also accepted similar insurance benefits. In addition, Ms. Horton is a breast cancer survivor. Material Things provided these insurance benefits by deducting the insurance premiums from the employees' paychecks.

The plaintiffs allege that in June 2007, they discovered that their insurance coverage, under both plans, had been terminated on February 22, 2007, effective March 1, 2007, due to nonpayment of the policy premiums by Material Things.[2] (Docket No. 1, Ex. A at ¶ 11) The plaintiffs further allege that Material Things had received notice of this cancellation from their insurance providers, yet continued to deduct the premiums from the plaintiffs' paychecks while failing to submit the premiums to the insurance companies. (*Id.*) The plaintiffs allege that defendant Tracey Hanchey, as operations manager, shareholder, and director of Material Things, and defendants Jacqueline Westra and Edward Hodge, as shareholders and directors of Material Things, are individually liable for this lapse in their insurance coverage. (*Id.* at ¶¶ 27, 46)

---

whether "[t]he factual allegations, assumed to be true . . . show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, No. 03-5306, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. Aug. 28, 2007).

[2]The court presumes, from these facts, that the plaintiffs allege that Ms. Horton was hired after the group insurance coverage had been terminated but, nevertheless, paid premiums for insurance while she was employed at Material Things, and that Ms. Horton discovered that she had been uninsured during her brief period of employment only in June 2007, after her employment had ended. The court hopes that these somewhat confused allegations will be more clearly stated in the plaintiffs' forthcoming Amended Complaint.

On July 11, 2007, the plaintiffs brought this action in the Sumner County Circuit Court at Gallatin, Tennessee against defendants Material Things, Ms. Hanchey, Ms. Westra, and Mr. Hodge, alleging various state law causes of action including negligence, fraud, and breach of contract. (Docket No. 1, Ex. A) On August 30, 2007, the defendants removed the action to this court. (Docket No. 1) In their Answer, the defendants alleged the following counterclaims against the plaintiffs: (1) fraudulent misrepresentation, (2) intentional interference with contract and prospective economic relations, (3) slander per se, and (4) trespass to chattle and conversion. (Docket No. 4 at ¶¶ 6-35) On January 2, 2008, the defendants moved to dismiss all of the plaintiffs' state law claims (Docket No. 26) and to strike the plaintiff's demand for a jury trial. (Docket No. 28)

## ANALYSIS

### I. Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002); *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very

3

remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, No. 03-5306, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. Aug. 28, 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965; *see also Swierkiewicz,* 534 U.S. at 508 n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . .

4

dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely"). With this standard in mind, the court turns to an analysis of the plaintiff's claims.

## II.     ERISA Preemption

The defendants argue that plaintiff's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA") of 1974. 29 U.S.C. § 1001, *et seq.* Not only are the claims preempted by ERISA; they are completely preempted.[3] In fact, it is the complete preemption of the plaintiff's claims that makes disposition of this case in federal court proper. (*See* Notice of Removal, Docket No. 1, ¶ 6) However, because complete preemption, a basis for federal subject matter jurisdiction, acts to transform state causes of action into federal causes of action, it is not a basis for dismissal, absent a defect in the transformed federal causes of action themselves. *See Ritchie v. Williams*, 395 F.3d 283, 287-89 (6th Cir. 2005) (addressing the merits of an action filed in state court, alleging only state law causes of action but removed to federal court under the complete preemption doctrine); *Van Camp v. AT&T Info. Sys.*, 963 F.2d 119, 1124 (6th Cir. 1992) (affirming the dismissal of an action removed to federal court under the complete preemption doctrine only "because Van Camp refuses to assert a claim under federal law") (overruled on other grounds by *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995)). Instead, the plaintiffs will be granted leave to file an amended complaint recasting their

---

[3]The defendants do not allege complete preemption in the memoranda supporting their motion to dismiss, instead relying on only standard preemption. However, as the court will discuss below, and as the defendants appear to acknowledge by their discussion of *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), in their Notice of Removal, (Docket No. 1, ¶ 6), complete preemption applies in this case.

5

causes of action under ERISA.

### A. Complete Preemption Doctrine

The framework for removing to federal court those cases brought in state court, yet containing federal questions, has long been settled. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over "federal question" cases, that is, cases that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Equally well settled is the "well-pleaded complaint" rule, which states that a cause of action only arises under federal law when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life*, 481 U.S. at 63. "Since federal preemption is normally a defense to plaintiff's suit . . . it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.*

However, the Supreme Court has carved out an exception to the well-pleaded complaint rule for federal statutes that "completely preempt" state law causes of action. *See Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. Of Machinists And Aerospace Workers, et al.*, 390 U.S. 557, 560-61 (1968); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.") (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Where "complete preemption" exists, a state law complaint that, on its face, purports to raise only state

6

law causes of action is re-characterized to bring the federal claims that preempt those state law claims. *Ritchie*, 395 F.3d at 286 ("[T]he 'complete preemption' doctrine serves to 'recharacterize a state law claim . . . as an action arising under federal law.'") (quoting *Metropolitan Life*, 481 U.S. at 64-65). In other words, complete preemption "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life*, 481 U.S. at 65.

In *Metropolitan Life*, the Supreme Court held that the complete preemption doctrine applied to certain ERISA claims. 481 U.S. at 63-64.[4] The Court distinguished two different types of ERISA preemption, only one of which confers federal subject matter jurisdiction. The first type, premised on ERISA's express preemption clause, was first recognized in *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85 (1983). In *Shaw*, the Supreme Court interpreted the "relate to" language of § 1144(a) in the "broad sense", and noted that any state laws falling within this blanket category were expressly preempted by ERISA. *Id.* at 98. However, § 1144(a) preemption, does *not* confer federal subject matter jurisdiction. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, (1983) (holding that ERISA preemption, without more, does not convert a state claim into an action arising under federal law).

The second type of ERISA preemption recognized in *Metropolitan Life* occurs when a state law is not only preempted by § 1144(a), but also comes "within the scope of § 502(a) of ERISA [29 U.S.C. § 1132(a)]". 481 U.S. at 64. This type of preemption is "complete

---

[4]"The provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)]."

preemption" *See id.* at 63. Section 1132(a) prescribes the civil mode of enforcement for participants, beneficiaries, or fiduciaries of ERISA-covered plans who are, *inter alia*, seeking to recover benefits due under the plan or other equitable relief for breach of fiduciary duties. 29 U.S.C. § 1132(a). After reviewing the legislative history of § 1132(a), the Supreme Court declared that "Congress [had] clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court." 481 U.S. at 66. Thus, the preemptive power of § 1132(a) "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65.

The distinction between the two types of ERISA preemption has been emphasized by the Sixth Circuit, which has held that "removal and preemption are two distinct concepts." *Husvar v. Rapoport*, 337 F.3d 603, 607 (6th Cir. 2003). The Court noted that removal was allowed in § 1132(a) cases, because Congress intended federal law to occupy the field regulated by ERISA. *Id.* Claims not covered by § 1132(a) may still be preempted by § 1144(a) because they "relate to" employee benefit plans covered by ERISA. *Id.* at 607-08. However, these claims are not "completely preempted;" they are not subject to removal and are not re-characterized as federal claims. *Id.* at 608. The Court stressed that the "mere availability of a federal preemption defense to a state-law claim does not, in general, confer federal subject-matter jurisdiction." *Id.* (quoting *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999)). In *Husvar*, the Court found that the plaintiff's claims were not within the scope of ERISA, and thus remanded the action to state court due to a lack of subject matter jurisdiction. *Id.* at 609.

  **B.**  **Whether the Plaintiffs' Claims Are "Completely Preempted"**

The plaintiffs' state law claims fall within in the scope of § 1132(a), and thus are completely preempted by ERISA.[5] The Sixth Circuit has noted that § 1132 "is relatively straightforward." *Thurman v. Pfizer, Inc.,* 484 F.3d 855, 860 (6th Cir. 2007). "If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Id.* Moreover, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for recovery of an ERISA plan benefit." *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991). The preemption analysis should focus on "whether the remedy sought by a plaintiff is primarily plan-related." *Thurman*, 484 F.3d at 861. If a plaintiff's claim "merely attach[es] new, state-law labels [to the ERISA claim] . . . for the apparent purpose of obtaining remedies that Congress has chosen not to make available under ERISA," then the state law claims are preempted. *Smith v. Provident Bank,* 170 F.3d 609, 615 (6th Cir. 1999). Finally, if the state law claims merely "provide alternate enforcement mechanisms" to ERISA, they are preempted. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 698 (6th Cir. 2005).

The Sixth Circuit has also "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276.

---

[5]The plaintiffs failed to explicitly list their specific state law causes of action in their complaint. Thus, this court infers from the pleadings that plaintiffs are bringing three state law claims: negligence, fraud, and breach of contract. Since both parties specifically list these three claims in their briefs, these are the three this court will address. (Docket No. 27 at 3); (Docket No. 35 at 2) Furthermore, although both parties treat them as such, corporate veil piercing and punitive damages are not claims, and thus not the proper subject of a motion to dismiss for failure to state a claim. Because the plaintiffs' state law claims are all preempted by ERISA, whether or not the plaintiffs are able to pierce the corporate veil or obtain punitive damages will ultimately be determined by the provisions of that statute.

On numerous occasions, the Sixth Circuit has found breach of contract claims to be preempted by ERISA. *See, eg., Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941-43 (6th Cir. 1995); *Cromwell*, 944 F.2d at 1276 (finding breach of contract claim, inter alia, clearly preempted by ERISA because the claim was "at the very heart of issues within the scope of ERISA's exclusive regulation"). Recently, this court has also found negligence and fraud claims, when asserted by a beneficiary against an ERISA fiduciary, to be preempted by ERISA. *See McCullough v. Am. Gen. Ins.,* No. 3:06cv0732, 2007 U.S. Dist. LEXIS 69498, at *10-13 (M.D. Tenn. Sept. 19, 2007).

Turning to the plaintiffs' state law claims, it is clear that they fall within the scope of § 1132(a)[6], and are thus completely preempted. Per the Sixth Circuit's instruction in *Thurman*, it is necessary to focus on the remedy sought by plaintiff. The plaintiffs seek reimbursement for medical expenses incurred due to their lack of insurance caused by the defendants. (Docket No. 1, Ex. A at ¶ 57) These expenses are benefits that would have been due to them under their health insurance plans, and thus fall squarely within the confines of § 1132. All three of plaintiffs' state law causes of action are premised on the same set of facts, and all three are asserted as a basis for recovery of the aforementioned expenses. However, as the Sixth Circuit has ruled, the labels "negligence," "fraud," and "breach of contract" are meaningless if they are merely an attempt by the plaintiff to obtain remedies that Congress has decided to reject. *See*

---

[6]It is not entirely clear from plaintiff's complaint which subsections of § 1132 cover their claims. The claims clearly fall under § 1132(a)(1)(B), which is an action by a beneficiary to recover benefits due under the terms of the plan. However, they could also be covered by § 1132(a)(3), which is the "catch-all" provision that allows a court to administer other appropriate equitable relief. While the plaintiffs will be granted leave to amend their complaint to clarify this issue, either provision supports a finding of complete preemption. Because the claims must fall under at least one subsection of § 1132(a), complete preemption applies.

10

*Smith,* 170 F.3d at 615.

The plaintiffs' reliance on the various cases cited in their brief is misplaced. The plaintiffs rely on cases from the Supreme Court and Sixth Circuit in which the courts found that the respective state laws at issue were not preempted by ERISA. *See New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645 (1995); *Thiokol Corp. v. Roberts*, 76 F.3d 751 (6th Cir. 1996); *Cmty. Health Partners, Inc. v. Commonwealth of Kentucky*, 14 F. Supp. 2d 991 (W.D. Ky. 1998). However, these cases all involved state statutes that indirectly regulated ERISA plans, and not state causes of action by a ERISA beneficiary seeking to recover benefits. *See Travelers*, 514 U.S. at 649 (New York statute requiring hospitals to collect surcharges only from certain insurance companies); *Thiokol*, 76 F.3d at 753 (Michigan law requiring taxpayers doing business in the state to include payments to certain ERISA-covered plans within their tax base); *Cmty. Health Partners*, 14 F. Supp. 2d at 993 (Kentucky law prohibiting health care benefit plans from discriminating against any provider willing to meet the terms and conditions for participation in the health benefit plan). Relying on the exception first established in *Shaw v. Air Lines, Inc.*[7], these courts found that these regulations had only a "peripheral effect on an ERISA plan", and were thus not preempted. *See, e.g., Thiokol*, 76 F.3d at 755. However, plaintiffs are not seeking to invalidate a state law related to ERISA, and thus this line of cases is inapplicable.

The plaintiffs' dependence on a case from the Western District of Washington, *McNerney v. Safeway, Inc.*, No. C06-569RSM, 2006 U.S. Dist. LEXIS 61053 (W.D. Wash. Aug. 28, 2006),

---

[7]463 U.S. 85, 100 n.21 (1983) (noting that "[s]ome state actions may affect benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan" within the meaning of 29 U.S.C. § 1144(a)).

11

is equally misplaced.  In *McNerney*, the court relied on a four factor test developed by the Ninth Circuit in determining that plaintiff's state law claims of, inter alia, breach of contract, fraud, and negligence, did not "relate to" an ERISA benefit plan, and were thus not preempted by § 1144(a).  However, the four factor test relied on by the court is *not* the law of the Sixth Circuit, as it has never been adopted by that court.  In fact, as noted above, the Sixth Circuit and its district courts have consistently found that the same types of claims at issue in *McNerney* are completely preempted by ERISA.

The plaintiffs' claims, having been completely preempted, are to be treated as ERISA claims for the purposes of the well-pleaded complaint rule.  *Metropolitan*, 481 U.S. at 63-64.  It is for this reason, and this reason only, that this court has subject matter jurisdiction, and removal was proper.  *Id*.  It is not the purpose of the complete preemption doctrine, however, for the federal courts to take jurisdiction over actions filed in state courts, alleging state causes of action, only to dismiss those actions for failing to specifically alleging federal claims.  For instance, after the Supreme Court reversed the Sixth Circuit in *Metropolitan*, holding that complete preemption did provide subject matter jurisdiction, the Sixth Circuit proceeded on remand to review the district court's assessment on the merits of the transformed ERISA claim for benefits. *See Taylor v. General Motors Corp.*, 826 F.2d 452, 455 (6th Cir. 1987).  The fact that complete preemption existed did not, in of itself, defeat that claim.  *Id.*; *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998) ("Although federal preemption is ordinarily a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.").  Similarly, in *Ritchie v. Williams*, after determining that the complete

12

preemption doctrine did apply to the plaintiff's state law claims, the court then turned to address the merits of the re-characterized federal claim under the Copyright Act. 395 F.2d at 287-89. The Court affirmed dismissal of that claim only because the applicable statute of limitations had lapsed. *Id*. at 289.

As the district court for the Southern District of Ohio has explained, "[i]t would defy logic . . . for the Court to allow removal on the basis that the Plaintiffs' Complaint contains federal causes of action, *arising under* ERISA from their inception, and then to grant summary judgment and enter final judgment against the Plaintiffs, because their claims are *preempted by* ERISA." *Erbaugh v. Anthem Blue Cross And Blue Shield*, 126 F. Supp. 2d 1079, 1082 (emphasis in original). Instead, "the prevailing practice is to grant a party whose state-law claims have been removed on the basis of complete preemption leave to file an amended complaint, recasting those claims (which, despite their state-law language, *are* federal claims) in the language of ERISA." *Id.*; (citing *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 411 (6th Cir. 1988) (following removal on the basis of complete preemption, the plaintiff filed an amended complaint asserting ERISA claims)); *see also Turgeau v. Administrative Review Bd.*, 466 F.3d 1052, 1061 (10th Cir. 2006) ("[I]t is irrelevant what law the plaintiff cited in his state complaint, once the court decided that his purported state claim was completely preempted by and actually arose under federal law.").

The defendants, having removed this cause of action on the basis of complete preemption, must attack the merits of the federal causes of action under which this court has jurisdiction before this case may be dismissed. The plaintiffs are granted leave to file an amended complaint that recasts their causes of action under ERISA.

13

### III. Plaintiffs' Jury Demand

Finally, the court will address the defendants' motion to strike the plaintiffs' demand for a jury trial. The Sixth Circuit has held that, in actions under ERISA for recovery of benefits, "there is no right to a jury trial." *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988) (quoting *Crews v. Central States, Southeast and Southwest Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986)). However, the Sixth Circuit has also stated that "there may be actions under ERISA in which a jury trial is proper." *Id*. Although it is clear that the Complaint, under the complete preemption doctrine, can be construed to include a claim for benefits under § 1132(a)(1)(B), as the court noted above, at least some of the plaintiffs' claims may also fall under § 1132(a)(3), ERISA's "catch-all" provision. That provision, "clearly and specifically creates a civil action for equitable relief," which, the Sixth Circuit has noted, also does not allow for trial by jury. *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990). Since the court has found that the plaintiffs' causes of action fall under either § 1132(a)(1)(B) or § 1132(a)(3) for purposes of complete preemption, there is no right to a jury trial. Accordingly, the motion to strike will be granted.

### CONCLUSION

For the reasons stated herein, the defendants' Motion to Dismiss will be denied and the defendants' Motion to Strike will be granted.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

14